24 CV 2072 BEN JLB

**Outlook**

### Emert - Judgment

FILED
NOV 0 8 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

**From** Kelley Castillo <kcastillo@msmfamilylaw.com>
**Date** Wed 2/9/2022 12:02 PM
**To** 'Rob Emert' <robemert@msn.com>
**Cc** Dave Schulman <dschulman@msmfamilylaw.com>; Sarah Bear <sbear@msmfamilylaw.com>; Linda Hansen <lhansen@msmfamilylaw.com>

📎 3 attachments (2 MB)
Emert Notice of Entry of Judgment [filed 02-02-22].pdf; Emert Judgment on Reserved Issues [filed 01-24-22].pdf; Petitioner's Proof of Electronic Service [dated 02-09-22].pdf;

Dear Mr. Emert,

Attached please find the following documents:

1. Judgment on Reserved Issues, filed January 24, 2022;
2. Notice of Entry of Judgment, filed February 2, 2022; and
3. Proof of Electronic Service, dated February 9, 2022.

Best Regards,

**Kelley Castillo**
**Paralegal to David S. Schulman, CFLS**
**Moore, Schulman & Moore, APC**
Executive Center Del Mar
12220 El Camino Real, Suite 300
San Diego, California 92130
Main: [858-755-3300]858-755-3300 / Fax: [858-755-3300]858-755-3387
kcastillo@msmfamilylaw.com
msmfamilylaw.com

Internet Email Confidentiality Footer:

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in

FL-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| DAVID S. SCHULMAN, CLS-F - SBN: 165285<br>MOORE, SCHULMAN & MOORE, APC<br>12636 HIGH BLUFF DRIVE, SUITE 200<br>SAN DIEGO, CALIFORNIA 92130<br>TELEPHONE NO.: 858-755-3300    FAX NO. (Optional): 858-755-3387<br>E-MAIL ADDRESS (Optional): dschulman@msmfamilylaw.com<br>ATTORNEY FOR (Name): ANDREA EMERT | **FILED**<br>Clerk of the Superior Court<br><br>JAN 24 2022<br><br>By: A. Husted, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 325 SOUTH MELROSE DRIVE<br>MAILING ADDRESS: SAME AS ABOVE<br>CITY AND ZIP CODE: VISTA, CALIFORNIA 92081<br>BRANCH NAME: NORTH COUNTY - FAMILY LAW DIVISION | |
| MARRIAGE OR PARTNERSHIP OF<br>PETITIONER: ANDREA L. EMERT<br>RESPONDENT: ROBERT EMERT | |

| JUDGMENT | CASE NUMBER: |
|---|---|
| [X] DISSOLUTION    [ ] LEGAL SEPARATION    [ ] NULLITY<br>[ ] Status only<br>[ ] Reserving jurisdiction over termination of marital or domestic partnership status<br>[X] Judgment on reserved issues<br>Date marital or domestic partnership status ends: | 19FL010852N |

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s)        of the attachment. They expire on (date):

2. This proceeding was heard as follows: [X] Default or uncontested [ ] By declaration under Family Code section 2336
   [X] Contested    [ ] Agreement in court
   a. Date: November 29, 2021              Dept.: 1002                 Room:
   b. Judicial officer (name): Honorable Laura Alksne             [ ] Temporary judge
   c. [X] Petitioner present in court         [X] Attorney present in court (name): Sarah B. Bear, Esq.
   d. [ ] Respondent present in court         [ ] Attorney present in court (name): Failed to personally appear
   e. [ ] Claimant present in court (name):                        [ ] Attorney present in court (name):
   f. [X] Other (specify name): Matthew Cord, Esq. (Minor Counsel)    Catheryn Young (Minor Counsel)

3. The court acquired jurisdiction of the respondent on (date): September 17, 2019
   a. [X] The respondent was served with process.
   b. [ ] The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the status of single persons
      (1) [X] on (specify date): June 24, 2021
      (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of (specify):

   d. [ ] This judgment will be entered nunc pro tunc as of (date):
   e. [X] Judgment on reserved issues.
   f. The [ ] petitioner's [ ] respondent's former name is restored to (specify):
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [X] This judgment contains provisions for child support or family support. Each party must complete and file with the court a *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice of Rights and Responsibilities—Health-Care Costs and Reimbursement Procedures and Information Sheet on Changing a Child Support Order* (form FL-192) is attached.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-180 [Rev. July 1, 2012] | **JUDGMENT**<br>(Family Law) | Family Code, §§ 2024, 2340,<br>2343, 2346<br>www.courts.ca.gov |
|---|---|---|

CEB | Essential Forms

EMERT, ANDREA #30437

FL-180

| CASE NAME (Last name, first name of each party): | CASE NUMBER: |
|---|---|
| MARRIAGE OF EMERT | 19FL010852N |

4. l. [X] The children of this marriage or domestic partnership are:

   (1) [X] Name / Birthdate
   BRYCE EMERT   06/11/07
   SKYLAR EMERT  06/06/09

   (2) [ ] Parentage is established for children of this relationship born prior to the marriage or domestic partnership

   j. [X] Child custody and visitation (parenting time) are ordered as set forth in the attached
   (1) [X] Settlement agreement, stipulation for judgment, or other written agreement which contains the information required by Family Code section 3048(a). **written order by default**
   (2) [ ] Child Custody and Visitation Order Attachment (form FL-341).
   (3) [ ] Stipulation and Order for Custody and/or Visitation of Children (form FL-355).
   (4) [ ] Previously established in another case. Case number:        Court:

   k. [X] Child support is ordered as set forth in the attached
   (1) [X] Settlement agreement, stipulation for judgment, or other written agreement which contains the declarations required by Family Code section 4065(a). **written order by default**
   (2) [ ] Child Support Information and Order Attachment (form FL-342).
   (3) [ ] Stipulation to Establish or Modify Child Support and Order (form FL-350).
   (4) [ ] Previously established in another case. Case number:        Court:

   l. [X] Spousal, domestic partner, or family support is ordered:
   (1) [ ] Reserved for future determination as relates to [ ] petitioner [ ] respondent
   (2) [ ] Jurisdiction terminated to order spousal or partner support to [ ] petitioner [ ] respondent
   (3) [ ] As set forth in the attached Spousal, Partner, or Family Support Order Attachment (form FL-343).
   (4) [ ] As set forth in the attached settlement agreement, stipulation for judgment, or other written agreement.
   (5) [X] Other (specify): Attached written order by default

   m. [X] Property division is ordered as set forth in the attached
   (1) [ ] Settlement agreement, stipulation for judgment, or other written agreement.
   (2) [ ] Property Order Attachment to Judgment (form FL-345).
   (3) [X] Other (specify): Attached written order by default

   n. [X] Attorney fees and costs are ordered as set forth in the attached
   (1) [ ] Settlement agreement, stipulation for judgment, or other written agreement.
   (2) [ ] Attorney Fees and Costs Order (form FL-346).
   (3) [X] Other (specify): Attached written order by default

   o. [X] Other (specify): Reimbursements and Sanctions were ordered by the Court. Court made orders regarding Minor's

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions. Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date: 1-24-2022

JUDICIAL OFFICER  LORNA ALKSNE
[ ] SIGNATURE FOLLOWS LAST ATTACHMENT

5. Number of pages attached: 16

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar property interest. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

FL-180 [Rev. July 1, 2012]
CEB Essential Forms
ceb.com
**JUDGMENT**
(Family Law)
Page 2 of 2
EMERT, ANDREA #30437

# NOTICE OF RIGHTS AND RESPONSIBILITIES

FL-192

## Health-Care Costs and Reimbursement Procedures

If you have a child support order that includes a provision for the reimbursement of a portion of the child's or children's health-care costs and those costs are not paid by insurance, the law says:

1. **Notice.** You must give the other parent an itemized statement of the charges that have been billed for any health-care costs not paid by insurance. You must give this statement to the other parent within a reasonable time, but no more than 30 days after those costs were given to you.

2. **Proof of full payment.** If you have already paid all of the uninsured costs, you must (1) give the other parent proof that you paid them and (2) ask for reimbursement for the other parent's court-ordered share of those costs.

3. **Proof of partial payment.** If you have paid only your share of the uninsured costs, you must (1) give the other parent proof that you paid your share, (2) ask that the other parent pay his or her share of the costs directly to the health-care provider, and (3) give the other parent the information necessary for that parent to be able to pay the bill.

4. **Payment by notified parent.** If you receive notice from a parent that an uninsured health-care cost has been incurred, you must pay your share of that cost within the time the court orders; or if the court has not specified a period of time, you must make payment (1) within 30 days from the time you were given notice of the amount due, (2) according to any payment schedule set by the health-care provider, (3) according to a schedule agreed to in writing by you and the other parent, or (4) according to a schedule adopted by the court.

5. **Going to court.** Sometimes parents get into disagreements about health-care costs. If you and the other parent cannot resolve the situation after talking about it, you can request that the court make a decision.

   a. **Disputed charges.** If you dispute a charge made by the other parent, you may file a request for the court to resolve the dispute, but only if you pay that charge before filing your request.

   b. **Nonpayment.** If you claim that the other parent has failed to pay you back for a payment, or they have failed to make a payment to the provider after proper notice, you may file a request for the court to resolve the dispute. The court will presume that if uninsured costs have been paid, those costs were reasonable.

   c. **Attorney's fees.** If the court decides one parent has been unreasonable, it can order that parent to pay the other parent's attorney's fees and costs.

   d. **Court forms.** Use forms FL-300 and FL-490 to get a court date. See form FL-300-INFO for information about completing, filing, and serving your court papers.

6. **Court-ordered insurance coverage.** If a parent provides health-care insurance as ordered by the court, that insurance must be used at all times to the extent that it is available for health-care costs.

   a. **Burden to prove.** The parent claiming that the coverage is inadequate to meet the child's needs has the burden of proving that to the court.

   b. **Cost of additional coverage.** If a parent purchases health-care insurance in addition to that ordered by the court, that parent must pay all the costs of the additional coverage. In addition, if a parent uses alternative coverage that costs more than the coverage provided by court order, that parent must pay the difference.

7. **Preferred health providers.** If the court-ordered coverage designates a preferred health-care provider, that provider must be used at all times consistent with the terms of the health insurance policy. When any parent uses a health-care provider other than the preferred provider, any health-care costs that would have been paid by the preferred health provider if that provider had been used must be the sole responsibility of the parent incurring those costs.

## Information About Child Support for Incarcerated or Detained Parents

1. **Child support.** Under current California law, child support ordered or changed after December 31, 2020, automatically stops if the parent who has to pay

   • is confined against their will for more than 90 days in a row in jail, prison, juvenile detention, a mental health facility, or other institution.

2. **Exceptions.** Child support does not automatically stop if the parent who has to pay
   • is confined for
     o domestic violence against the other parent or child, or
     o failing to pay a child support order; or
   • has money available to pay child support.

3. **Timing.** Child support will automatically restart at the old amount the first day of the first full month after the parent is released. If you need to change your child support order, see page 2.

4. **Past confinement.** If your child support order was entered or modified between October 8, 2015, and December 31, 2019, and you were confined against your will for more than 90 days in a row during the same time frame, you may also qualify for relief. See item 5 for how to obtain more information.

5. **More info.** For more information about child support and incarcerated parents, see Family Code section 4007.5 or talk to the family law facilitator or self-help center in your county.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-192 [Rev. January 1, 2022]

CEB Essential
ceb.com  ｜ＣＥＢ Forms

**NOTICE OF RIGHTS AND RESPONSIBILITIES**
Health-Care Costs and Reimbursement Procedures

Family Code, §§ 4007.5, 4010, 4062, 4063
www.courts.ca.gov

EMERT, ANDREA #30437

# NOTICE OF RIGHTS AND RESPONSIBILITIES     FL-192

## Information Sheet on Changing a Child Support Order

### General Info
The court has made a child support order in your case. This order will remain the same unless one of the parents requests that the support be changed (modified). An order for child support can be modified by filing a request to change child support and serving the other parent. If both parents agree on a new child support amount, they can complete, sign, and file with the court a *Stipulation to Establish or Modify Child Support and Order* (form FL-350) (**Note:** If the local child support agency is involved in your case, it must be served with any request to change child support and approve any agreement.)

### Online Self-Help Guide
For more information about how child support works, visit: https://selfhelp.courts.ca.gov/child-support.

### When a Child Support Order May Be Changed
The court considers several things when ordering the payment of child support.

- First, the number of children is considered, along with the percentage of time each parent has physical custody of the children.

- Next, the net disposable incomes of both parents are determined (which is how much money is left each month after taxes and certain other items like health insurance, union dues, or other child support ordered and paid are subtracted from a parent's paycheck). The court can also look at earning ability if a parent is not working.

- The court considers both parents' tax filing status and may consider hardships, such as the cost of raising a child of another relationship who lives with a parent.

A parent can request to change an existing order for child support when the net disposable income of one of the parents changes, parenting time changes, or a new child is born.

### Examples
- You have been ordered to pay $500 per month in child support. You lose your job. You will continue to owe $500 per month, plus 10 percent interest on any unpaid support, unless you file a motion to modify your child support to a lower amount and the court orders a reduction.

- You are currently receiving $300 per month in child support from the other parent, whose net income has just increased substantially. You will continue to receive $300 per month unless you file a motion to modify your child support to a higher amount and the court orders an increase.

- You are paying child support based upon having physical custody of your children 30 percent of the time. After several months it turns out that you actually have physical custody of the children 50 percent of the time. You may file a motion to modify child support to a lower amount.

### How to Change a Child Support Order
To change a child support order, you must file papers with the court. *Remember:* You must follow the order you have now.

### What forms do I need?
If you are asking to change a child support order, you must fill out one of these forms:

- Form FL-300, *Request for Order* or
- Form FL-390, *Notice of Motion and Motion for Simplified Modification of Order for Child, Spousal, or Family Support*

You must also fill out one of these forms, and attach proof of income for the past two months (like your paycheck stubs):
- Form FL-150, *Income and Expense Declaration* or
- Form FL-155, *Financial Statement (Simplified)*

### What if I am not sure which forms to fill out?
Contact the family law facilitator or self-help center in your county.

After you fill out the forms, file them with the court clerk and ask for a hearing date. Write the hearing date on the form. The clerk may ask you to pay a filing fee. If you cannot afford the fee, fill out these forms, too:

- Form FW-001, *Request to Waive Court Fees* and
- Form FW-003, *Order on Court Fee Waiver (Superior Court)*

You must serve the other parent. If the local child support agency is involved, serve it too.

- This means someone 18 or over—not you—must serve the other parent copies of your filed court forms at least 16 court days before the hearing. Add 5 calendar days if you serve by mail within California (see Code of Civil Procedure section 1005 for other situations).

- Court days are weekdays when the court is open for business (Monday through Friday except court holidays). Calendar days include all days of the month, including weekends and holidays. To find court holidays, go to www.courts.ca.gov/holidays.htm.

The server must also serve blank copies of both of these forms:
- Form FL-320, *Responsive Declaration to Request for Order*
- Form FL-150, *Income and Expense Declaration*

Then the server fills out and signs a *Proof of Service* (form FL-330 or form FL-335). Take this form, plus one copy, to the clerk and file it at least one week before your hearing.

Go to your hearing and ask the judge to change the support. Bring your tax returns from the last two years and your last two months' pay stubs. The judge will look at your information, listen to both parents, and make an order. After the hearing, fill out:
- Form FL-340, *Findings and Order After Hearing* and
- Form FL-342, *Child Support Information and Order Attachment*

### Need help?
Contact the family law facilitator or self-help center in your county, or call your county's bar association and ask for an experienced family lawyer.

---

FL-192 [Rev. January 1, 2022]
CEB Essential
ceb.com | ElFormo
NOTICE OF RIGHTS AND RESPONSIBILITIES
Information Sheet on Changing a Child Support Order
Page 2 of 2
EMERT, ANDREA #30437

**MARRIAGE OF EMERT**                                    **CASE NO. 19FL010852N**

**ATTACHMENT TO**
**JUDGMENT ON RESERVED ISSUES AFTER DEFAULT TRIAL (FL-180)**

The parties were ordered to appear in person for the trial, which was scheduled to begin on November 29, 2021, at 9:00 a.m. before Honorable Lorna Alksne in Department 1002. The Court previously ordered all parties must attend all hearings in-person, unless the Court provides permission in advance of said hearing. Prior to the contested trial, no party requested permission to appear virtually. Therefore, the order for all parties to appear in person remained in full force and effect.

On November 29, 2021, Petitioner, Andrea Emert appeared in-person, along with her counsel, Sarah B. Bear, Esq. Matthew Cord, Esq., the attorney appointed for the minor child Bryce Emert, appeared in-person, as did Cathryn Young, Esq., the attorney appointed for the minor child Skylar Emert. Respondent Robert Emert, a self-represented litigant, failed to appear in person for the trial.

Prior to the commencement of the trial, Respondent noticed an ex parte hearing. The ex parte hearing was denied by the Court. Due to Respondent's failure to adhere to the court order to appear in-person, the Court proceeded with a default trial.

/ / /

/ / /

/ / /

- 1 -

After hearing the arguments of counsel, offers of proof by Petitioner's counsel and reviewing the evidence admitted, the Court made the following orders contained below. The parties to these orders are Petitioner Andrea L. Emert, hereinafter referred to as "Petitioner." and Respondent Robert Emert, hereinafter referred to as "Respondent."

## I.   STATISTICAL INFORMATION

The parties were married on September 30, 2006 and separated on August 19, 2019. The duration of their marriage was twelve (12) years and ten (10) months. The parties Martial Status was previously terminated by the Court effective June 24, 2021 and a partial judgment was entered on June 24, 2021.

The parties have the following minor children:

| Name | Birth Date | Age | Sex |
|---|---|---|---|
| **Bryce Emert** | 6.11.07 | 14 | M |
| **Skylar Emert** | 6.09.09 | 12 | F |

### 1.   HOUSEHOLD FURNISHINGS

The Court determined there was an inequitable division of household furnishings. Respondent received $2,000.00 more in household furnishings than Petitioner. This amount was offset by the inequitable division of vehicles as stated below.

/ / /

/ / /

### 2. VEHICLES

The parties have two vehicles at issue a 2007 Nissan Pathfinder and a 2004 Honda Accord. The 2007 Nissan Pathfinder is valued at $2,846.00 and the 2004 Honda Accord is valued at $4,323.00. The 2007 Nissan Pathfinder is awarded to Petitioner as her sole and separate property without offset. The 2004 Honda Accord is awarded to Respondent as his sole and separate property without any offset due to Respondent receiving $2,000.00 more in the division of the household goods.

### 3. LIFE INSURANCE POLICIES

Based on the disclosures, there are two (2) life insurance policies at issue, Petitioner's Amer Fidelity Voluntary Life and Petitioner's Texas Life Insurance. The life insurance policies do not have any cash value. Both policies are awarded to Petitioner as her sole and separate property without offset.

### 4. LOAN FROM WIFE'S FATHER

The Court assigned the debt to Petitioner's Father as her sole and separate obligation.

### 5. LOAN FROM HUSBAND'S MOTHER

The Court notes that Respondent contends there is a loan from his mother and he claims the loan is community property. The Court found there is no evidence of such loan. Petitioner is not responsible for payment of the loan.

/ / /

/ / /

### 6. CREDIT CARD DEBT

At the time the parties separated there was a community credit card debt in the amount of $51,912.20. The community debt includes the following accounts: Chase Slate Credit Card Acct. x9867, TJ Maxx World Mastercard Acct. x8488, Mission Federal Credit Card Acct. x2086-70, Respondent's Chase Slate Credit Card Acct. x7176, and Respondent's Capital One Visa Credit Card Acct. x9809. The Court assigned each party one half the debt. Each party is responsible for $25,956.10.

### 7. 2020 TAXES

Any debt Respondent may have for the 2020 taxes is awarded to Respondent as his sole and separate obligation.

### 8. WIFE'S RETIREMENT ACCOUNTS

The Court determined Petitioner's CALSTRS account is Petitioner's separate property with a community property interest. Petitioner has a separate property interest of $38,083.66. There is a community interest in Petitioner's CALSTRS account totaling $84,695.28. Respondent has an interest in the account which totals $42,347.62. However, Respondent's interest in the account is offset by the following orders: (1) the $6,000 awarded to Petitioner from Respondent's retirement account (See paragraph 10) (2) reimbursement owed to Petitioner in the amount of $7,725.26 (See Paragraph 14), (3) child support arrears owed to Petitioner in the amount of $3,428 (See Paragraph 13), $25,000.00 in sanctions payable to Petitioner by Respondent (See Paragraph

-4-

16). Therefore, Respondent's interest in Petitioner's CALSTRS retirement account is $194.26. The remained of the account is award to Petitioner as her sole and separate property.

**9.   HUSBAND'S RETIREMENT ACCOUNTS**

Respondent stated in discovery responses that he has a retirement account from Chase Bank valued between $10,000 and $12,000.00. The Court awarded Petitioner $6,000.00 of the account which shall be offset by Respondent's interest in Petitioner's CALSTRS retirement.

**10.   CUSTODY AND VISITATION**

The Court awarded sole legal and physical custody of the minor children to Petitioner. Respondent shall have no contact with the minor child, Bryce Emert. Respondent shall have no visitation with the minor child, Skylar Emert. Respondent is permitted to have telephonic contact with minor child, Skylar Emert provided the minor child consents. Skylar Emert is permitted to cease telephonic communication with Respondent at her discretion.

The Court orders counseling for the minor children under Family Code 3190. The Court made custody and visitation orders in the children's best interest (Family Code 3011) and made Family Code 3042 findings.

The Court finds that Respondent is not following the court orders and is in current violation of the court orders as it relates to child custody and visitation. The Court finds Respondent is not following the court orders and is violating the court orders as it relates to school and specifically attendance of

-5-

the minor child, Bryce Emert. The minor child has not attended school since October 4, 2021. Respondent has failed to return the minor child, Bryce Emert to Petitioner's care despite court order.

Respondent has obstructed the minor Bryce Emert's ability to receive the services he needs as he is on the Autism Spectrum. Bryce Emert has not received the service mandated by his Individual Educational Plan due to Respondent's refusal to return the child to school. Bryce Emert has not received the therapeutic services (cognitive and behavioral therapy) due to Respondent's refusal to return the child to Petitioner's custody. Due to his conduct resulting in medical providers being unwilling to treat child.

Respondent has failed to comply with the court ordered Family Code 730 evaluation. In the event Respondent seeks to comply with the court ordered Family Code 730 evaluation, he is to obtain three names of professionals to conduct the evaluation from Petitioner. Respondent is to select one name from the names provided by Petitioner.

## 11. **MANDATORY CUSTODY/VISITATION (FC 3048).**

The Court made Family Code 3048 findings. The Court has jurisdiction over the minor children, as California is the Children's home state, no other state has assumed jurisdiction, and this Court is the appropriate forum. The habitual residence of the Children is the County of San Diego, State of California, United States of America. The parties were given notice and opportunity to be heard in the manner provided by law.

- 6 -

Both parties had knowledge of this hearing. Petitioner attended the hearing and Respondent did not appear. The parties have been previously advised that any violation of this Order may result in civil or criminal penalties, or both. Court provided the same advice at the hearing, but Respondent failed to appear in person despite court order.

### 12. CHILD SUPPORT

After hearing argument and evidence relating to Respondent's income, the Court determined that Respondent was in violation of the court order for job contacts. Based on the evidence and arguments, the Court determined Respondent should be imputed at a monthly gross income of $8,010.00. The Court determined Petitioner's monthly gross income to be $7,895.00. The Court accounted for Petitioner's monthly cost of health insurance ($431), required monthly union dues ($118) and monthly mandatory retirement ($100).

Effective October 1, 2021, the Court ordered Respondent to pay child support to Petitioner monthly in the amount of $1,714.00. **(See Attached Dissomaster "Exhibit "A")**

The Court determined the child support payments for October 2021 and November 2021 shall be deducted from Respondent's interest in Petitioner's retirement account. (See paragraph 8)

A parent's obligation to make child support payments for a child shall cease when a given child marries, dies, reaches the age of eighteen (18) years, becomes emancipated, or upon further order of a court of competent

-7-

jurisdiction. If, however, upon reaching the age of eighteen (18) years, a given child is unmarried, is not self-supporting and is a full-time high school student, the support obligation shall continue as to that child pursuant to California Family Code section 3901(a) until that child marries, dies, becomes self-supporting, no longer is a full-time high school student, completes the 12th grade or reaches the age of nineteen (19) years, whichever occurs first.

Child support shall terminate on the death of Husband.

### 13. REIMBURSEMENTS AND OVERPAYMENT OF SUPPORT

After hearing argument and evidence relating to reimbursement for out of pocket medical, dental, orthodontia, and mental health services, the Court ordered Respondent owed Petitioner $5,457.36 in reimbursement.

After hearing argument and evidence relating to overpayment of support, the Court determined Petitioner overpaid Respondent for child support in the amount of $2,002.00 for 13 pay periods and an additional $266.00 for the month of October 2021.

The total reimbursement ordered for mandatory add ons and overpayment of child and support support owed by Respondent is $7,725.26, which is to be deducted from his share of Petitioner's retirement account, see Paragraph 8.

As of the date of the hearing, there were no other arrears or overpayments owed for support.

/ / /

### 14. **SPOUSAL SUPPORT**

After hearing argument and evidence relating to Respondent's income, the Court determined that Respondent was in violation of the court order for job contacts. Respondent did not provide the court ordered job contacts for a substantial period of time. Respondent was ordered to make 10 job contacts a week. Since March 9, 2020, Respondent only submitted job contacts approximately 15 times. Respondent did not take reasonable steps to obtain employment.

Based on the evidence and arguments, the Court determined Respondent should be imputed at a monthly gross income of $8,010.00. The Court determined Wife's monthly gross income to be $7,895.00.

Petitioner's request to impute income to Respondent retroactive was denied.

After hearing argument and evidence relating to Family Court Section 4320 factors the Court ordered that spousal support shall be set at zero and reserved jurisdiction over spousal support. The Court determined the parties' martial standard of living was middle class and the marriage was deemed a long-term marriage.

The Court determined that Petitioner could not afford to pay for supposal support and remain at the martial standard of living when considering her earnings, debts and obligations. Moreover, the Court determined that with the imputation of income the parties' income was equivalent.

Due to the age of the children the Court found that Respondent could become employed without unduly interfering with the interest of the minor children.

The Court found that there was no evidence presented at the hearing to prove Respondent's prior allegation that his health impeded his ability to become employed.

The Court determined Respondent's conduct and communication since the separation of the parties was harassing.

There was no evidence of a specific tax consequence.

Based on the evidence presented at trial the Court found it was appropriate to impute income to Husband due to his violation of the court order regarding job contacts, his ability to become employed, and the opportunity available to Respondent.

The Court found Respondent came into court with unclean hand, as he violated various court orders, including but not limited to the job contacts order, final disclosures, child custody orders, failure to allow the minor child to attend school, taking the minor child out of state, completion of a 730 evaluation, and appearing in court in-person.

Petitioner does not owe Respondent any monies for support during the time when the court ordered a stay of spousal support. The Court determined no spousal support arrears were owed to Respondent. Spousal support was set at zero and the Court reserved jurisdiction over spousal support.

### 15.  **ATTORNEY'S FEES AND SANCTIONS**

Petitioner's request for attorney's fees under Family Code 2030 was denied.

Petitioner's request for sanctions pursuant to Family Code 271 was granted and the Petitioner was awarded $25,000.00m which is to be deducted from Respondent's interest in Petitioner's CALSTRS retirement account. The Court determined sanctions were warranted due to Respondent's conduct. Respondent's conduct did not promote settlement, but rather promoted litigation. The Court found that Respondent repeatedly violated court orders and remained in violation of court orders at the time of trial. Respondent's conduct has resulted in three medical professionals and an entire practice refusing to treat their children with their therapeutic needs.

Respondent refused to return the minor child, Bryce Emert to the care and custody of Petitioner despite the court order. His repeated violations of the court order caused unnecessary legal fees and hearings to be scheduled in an attempt to have Respondent honor the court orders.

Respondent removed the child from the state, which is a further violation of the Court order.

Respondent refused to allow the child to return to school, which prevent him for receiving not only his education but the services associated with his IEP.

/ / /

Despite the Court order for Respondent to appear in person, Respondent refused to attend various hearings including ex partes that he scheduled.

Respondent was ordered to not have contact with the children's therapeutic providers, but continued to violate the court order.

Respondent allowed a third party to record a therapeutic meeting and was in possession of recordings of judicial proceedings.

Respondent's communication with Petitioner was deemed to be harassing as was his communication with third parties in relation to Petitioner.

Respondent filed countless pleadings with the court in an attempt to have Commissioner Ratekin disqualified, which caused unnecessary and avoidable legal fees.

### 16. FINAL JUDICIAL CUSTODY DETERMINATION.

After hearing argument and evidence relating to child custody and visitation the court ordered the visitation orders as indicated in paragraph 10 were intended to constitute a final judicial custody determination pursuant to *Montenegro v. Diaz* (2001) 26 Cal.4th 249. In the event either party wishes to modify the child custody, visitation or sharing provisions stated herein, that party shall be required to demonstrate a significant change of circumstances justifying such a modification. As indicated above the Court indicated its orders were in the best interests of the minor children.

///

**17. PRIVATE CHILD SUPPORT COLLECTOR (MANDATORY).**

In the event that there is a contract between a party receiving support and a private child support collector, the party ordered to pay support must pay the fee charged by the private child support collector. This fee must not exceed 33 1/3 percent of the total amount of past due support nor may it exceed 50 percent of any fee charged by the private child support collector. The money judgment created by this provision is in favor of the private child support collector and the party receiving support, jointly.

**18. CHILD CARE COSTS.**

Each party shall be equally responsible for the child care expenses incurred by such party whether incurred as a result of employment, educational training, education, training for employment or for any other reason.

**19. MEDICAL EXPENSES AND INSURANCE FOR CHILD/CHILDREN.**

Petitioner shall maintain in full force and effect any presently existing or comparable health, dental, accident and/or hospitalization insurance coverage for the benefit of the parties' minor child for so long as her employer provides coverage.

Should Petitioner change employment in the future, she shall immediately acquire and maintain equivalent or comparable coverage as is available through her new employment.

/ / /

/ / /

Petitioner shall notify Respondent immediately of any potential or actual termination, lapse, or change in the coverage. Petitioner shall keep all required premiums current on the insurance.

### 20. OTHER ORDERS

The Court ordered that both Minor's Counsel assigned to the matter shall be relieved of their respective duties thirty (30) days after the entry of the Judgement. The Court ordered the respective fess of each Minor's Counsel shall be paid at the county rate. Each Minor's Counsel is ordered to submit the necessary paperwork to receive payment from the county, if he/she has not done so prior to the date of the hearing.

**END OF ATTACHMENT**