UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT,<br><br>                              Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES, et al.,<br><br>                            Defendants. | Case No.: 3:24-cv-02072-CAB-JLB<br><br>**ORDER DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE**<br><br>**[ECF Nos. 1–2]** |

On Nov. 4, 2024, Plaintiff, proceeding pro se, filed a "notice of removal"[1] of his divorce judgment from the Superior Court of California. [ECF No. 1.] Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [ECF No. 2.] For the reasons outlined below, the Court **DENIES** Plaintiff's IFP motion and **DISMISSES** the case.

---

[1] Although captioned as "notice of removal," Plaintiff is actually seeking federal court review of a state court judgment.

1

### I. Motion to Proceed IFP

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But under 28 U.S.C. § 1915(a), the court may authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Here, Plaintiff has listed his income and expenses at $0. He notes, however, that his parents cover his basic living expenses and that he receives Medi-Cal and SNAP benefits. Plaintiff must specify (1) the amount of financial support he receives both from his parents and in public benefits and (2) his monthly expenses. Due to Plaintiff's lack of particularity, his application to proceed IFP is **DENIED**.

### II. Screening of the Complaint Pursuant to 42 U.S.C. § 1915(e)(2)(B)

A plaintiff seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte dismissal if the complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)

(quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  Although the Court denies Plaintiff's IFP application, it elects nonetheless to screen Plaintiff's complaint.

### A. The Court Lacks Subject Matter Jurisdiction

"The *Rooker-Feldman* doctrine bars lower federal courts from exercising jurisdiction 'to review the final determinations of a state court in judicial proceedings.'" *Benavidez v. County of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021) (quoting *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995), *overruled on other grounds by Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 710 (9th Cir. 2017)) (other citations omitted). Indeed, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).  "The *Rooker–Feldman* doctrine prevents lower federal courts from exercising jurisdiction over any claim that is 'inextricably intertwined' with the decision of a state court, even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 n.4 (9th Cir. 2003). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff alleges violations of federal law by various parties involved in his divorce and child custody/support proceedings: the California Department of Child Support Services ("CDCSS"), opposing counsel, the family court commissioner, and the state court judge.  Plaintiff's sought relief includes voidance of his divorce judgment, recalculation of his income for child support purposes, and various injunctions against the CDCSS.  As Plaintiff purports to remove a California state court divorce judgment, the

Court lacks subject matter jurisdiction and Plaintiff's case is dismissed.[2] *See Conte v. Conte*, No. 2:17-CV-015720-JAD-VCF, 2017 WL 3908665 (D. Nev. Sept. 6, 2017) (finding Court lacked subject matter jurisdiction over challenge to divorce decree that judge relied on inaccurate information); *see also McCavey v. Gold*, 625 F. App'x 968, 971–72 (11th Cir. 2015) (finding Court lacked subject matter jurisdiction over claims related to structure and nature of divorce proceedings); *see also Betts v. CPS*, No. 2:13-CV-01486-KJM-KJN, 2013 WL 4049720 (E.D. Cal. Aug. 9, 2013) (finding Plaintiff's challenge to state-court decision regarding child custody barred by *Rooker-Feldman*).

### III.   Conclusion

Accordingly, Plaintiff's application to proceed IFP is **DENIED** and Plaintiff's case is **DISMISSED.**

It is **SO ORDERED**.

Dated:  November 26, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] As to Plaintiff's claims against CDCSS which allegedly arose after the divorce judgment, Plaintiff is advised that any causes of action independent of the divorce judgment may be the source of a separately filed complaint.