# UNITED STATES DISTRICT COURT OF SOUTHERN CALIFORNIA

Robert Emert,

Plaintiff-Appellant,

v.

CALIFORNIA DEPARTMENT OF

CHILD SUPPORT SERVICES, et al.,

Defendants-Appellees.



**District Court Case No. 3:24-cv-02072-CAB-JLB**

**NOTICE OF APPEAL: (Fed. R. App. P. 3(c))**

**WITH EXECUTIVE SUMMARY OF ISSUES ON APPEAL**

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Robert Emert ("Appellant"), plaintiff in Case No. 3:24-cv-02072-CAB-JLB, appeals to the United States Court of Appeals for the Ninth Circuit from the Order Dismissing Notice of Removal Without Prejudice entered on November 26, 2024.

## INTRODUCTION

This appeal confronts systematic violations of federal law that mirror a documented national crisis in family court administration. In 2009, Pennsylvania Judges Mark Ciavarella and Michael Conahan were convicted of accepting $2.8 million in kickbacks for sending thousands of children to for-profit detention facilities - the infamous "Kids for Cash" scandal. This systematic corruption of family courts is not historical - it remains a present crisis recently highlighted by ABC News, demonstrating how *some* family court systems continue to be corrupted under the guise of "best interests of the child" for profit, divorce leverage or cronyism.

Despite increased media scrutiny, similar patterns of administrative exploitation continue nationwide through more subtle mechanisms - exactly the type of systematic Title IV-D violations at issue in this appeal where void orders are being enforced in the face of extraordinary evidence to the contrary. These violations plagued this case after two years of a settled custody arrangement, when the blatant and egregious misconduct of a few RICO fraudsters targeted a family in crisis – my family and my children. Specifically, retired Commissioner Patti Ratekin and opposing counsel, Dave Schulman and Sara Bear, attempted to exploit a pro se litigant by ordering, without any evidence, placement of his son in a "facility" or "residential home" - transforming a mostly settled matter into a legal cascade fiasco involving four related cases including a criminal prosecution.

San Diego California District Attorney Investigator Luis Pena's recorded admission revealed the true nature of this exploitation. He stated that my prosecution stemmed from pissing off court insiders, acknowledged I would win at trial, admitted the DA should never have taken the case, and confirmed divorce court insiders were orchestrating actions against me contrary to my son's interests. This stunning admission exposed the same retaliatory mindset that enables systematic abuse of families across jurisdictions. DCSS's documented pattern of ignoring federal requirements while enforcing void orders demonstrates how administrative systems can be weaponized against families who challenge systemic misconduct.

After four years without a single evidentiary hearing in any venue, this appeal presents a critical opportunity for the Ninth Circuit to address these systematic violations and establish precedent to protect thousands of families from similar exploitation. As national media finally shines a light on these practices, this Court has both the authority and duty to act against such documented abuse of judicial process.

This appeal presents pure questions of federal law arising from DCSS's systematic non-compliance with Title IV-D mandates. These violations occurred after and independent from state court proceedings, creating discrete federal claims that cannot be dismissed under Rooker-Feldman. The documented pattern includes over twelve separate instances where DCSS ignored federally mandated review requirements under 45 CFR § 303.8(b)(2), transforming routine agency oversight into constitutional violations requiring federal intervention. In addition, the court orders on which the DCSS orders are being enforced are void ab initio under People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993). The Ninth Circuit has consistently recognized that such foundational jurisdictional defects warrant consolidation to ensure uniform resolution. See Herklotz v. Parkinson, 848 F.3d 894, 898 (9th Cir. 2017).

A motion to consolidate related cases at the 9th Circuit is in process.


**TIMELINESS AND JURISDICTION**

This notice is timely filed pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A). The order being appealed was entered on November 26, 2024. Including the additional three days allowed under Federal Rule of Civil Procedure 6(d) for service by mail, this appeal falls within the prescribed time limits.

The Court of Appeals has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, as this is an appeal from a final decision of the United States District Court for the Southern District of California. Furthermore, the underlying claims present federal questions under 28 U.S.C. § 1331, specifically:

1. Systematic violations of federal Title IV-D requirements under 42 U.S.C. § 651 et seq. and implementing regulations at 45 CFR § 303.8(b)(2), which mandate specific federal review and modification procedures;
2. Constitutional claims arising from DCSS's enforcement of void orders in violation of federally protected rights; and
3. Independent federal claims separate from state court judgments involving DCSS's non-compliance with federal Title IV-D mandates designed to ensure uniform interstate child support enforcement.

These claims arise directly under federal law and regulations governing the Title IV-D program, a comprehensive federal scheme that requires state agency compliance with specific federal standards and procedures.

## BASIS FOR APPEAL

Appellant specifically challenges:

1. The district court's overly broad application of the Rooker-Feldman doctrine to claims that are independent of underlying state court judgments

2. The dismissal of claims involving DCSS's systematic violations of federal Title IV-D requirements under 45 CFR § 303.8(b)(2)

3. The failure to recognize constitutional violations arising from enforcement of orders that are void ab initio

4. The denial of application to proceed in forma pauperis

5. The systematic denial of federally mandated review despite:

- Twelve documented requests for modification review

- Recorded admission by DA Investigator Pena regarding improper motivations

- Four years of denied evidentiary hearings across all venues

- Clear evidence of cross-jurisdictional coordination to enforce void orders

## RELATED PROCEEDINGS

The following related matters are pending:

**Federal District Court Proceedings:**

1. Case No. 3:24-CV-00671-JO-MSB (S.D. Cal.)

- Action challenging unlawful pretrial detention

- Claims regarding coerced plea and constitutional violations

2. Case No. 3:24-CV-02072-CAB-JLB (S.D. Cal.)

   - Original removal action from DCSS proceedings

   - Systematic Title IV-D violations

**Ninth Circuit Appeals:**

3. Case No. 24-5856

   - Appeal regarding breach of plea agreement

   - Constitutional claims regarding involuntary plea

4. Case No. 24-6057

   - Appeal addressing ADA violations and systematic fraud

   - Denial of fundamental due process rights

**U.S. Supreme Court**

5. Case No. 24-5967

   - Petition challenging coordinated misconduct

   - Constitutional claims regarding access to courts

**California Supreme Court**

6. Case No. S284407

 - habeas corpus

**A motion to consolidate these related appeals will shortly be or is currently pending before the Ninth Circuit Court of Appeals for efficient resolution of common questions regarding void orders being enforced such as is in this case; DCSS's systematic Title IV-D violations and related constitutional claims.**

## EXECUTIVE SUMMARY OF ISSUES ON APPEAL

These claims fall squarely within established federal jurisdiction under Burns v. Burns, which specifically recognizes federal oversight of Title IV-D violations. The Ninth Circuit's holding in Wallace v. Spencer further confirms federal jurisdiction over constitutional violations independent from state court judgments. When combined with void orders under People v. Superior Court (Lavi), these precedents create an unambiguous basis for federal review that cannot be dismissed as frivolous.

1. Whether the district court erred in applying Rooker-Feldman to claims involving systematic violations of federal Title IV-D requirements occurring after and independent from state court judgments. Supporting Authority:
   a. Wallace v. Spencer, No. 20-15950 (9th Cir. 2021) (federal courts retain jurisdiction over constitutional violations independent from state court judgments)
   b. Burns v. Burns, 569 F. Supp. 2d 288 (W.D.N.Y. 2008) (supporting federal jurisdiction over systematic Title IV-D violations)

2. Whether DCSS's enforcement of orders void ab initio creates independent federal claims requiring review. Supporting Authority:
   a. People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993) (improper denial of peremptory challenge renders subsequent orders void)
   b. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005) (limiting scope of Rooker-Feldman)

3. Whether systematic denial of federally mandated review under 45 CFR § 303.8(b)(2) presents federal questions independent of state court judgments.

**Dear Clerk of the Court,**

This statement is submitted to explain why my appeal regarding DCSS's systematic violations of federal law should proceed. While comprehensive, this response is structured for efficient review to demonstrate why both justice and controlling precedent require federal intervention.

A motion to consolidate related cases is in process for judicial economy.

This appeal represents a critical component of a coordinated pattern of constitutional violations spanning over four years. It began when Commissioner Patti Ratekin improperly denied my peremptory challenge on February 8, 2021, creating void orders that DCSS continues to enforce in violation of Title IV-D federal requirements. Despite over twelve documented requests for federally mandated review and modification, DCSS has systematically ignored its obligations while enforcing orders that are void ab initio.

After nearly dying from a heart attack with a 6% survival rate, I was denied basic ADA accommodations and access to my own trial. DCSS then exploited these void orders through systematic non-compliance with federal law, documented in extensive communications that the district court declined to examine. These constitutional violations are independent of any state court judgment and warrant federal review under Burns v. Burns, 569 F. Supp. 2d 288 (W.D.N.Y. 2008).

The district court's overbroad application of Rooker-Feldman ignores both controlling precedent and the court's own acknowledgment that claims against DCSS arising after the divorce judgment may proceed separately. This appeal presents precisely such independent claims - systematic violations of federal law occurring after and separate from state court proceedings.

In District Attorney Investigator Luis Pena's recorded words, my criminal prosecution stemmed from "pissing off" court insiders - a pattern of retaliation now extending through DCSS's deliberate non-compliance with Title IV-D requirements. After four years without a single evidentiary hearing in any venue, I

respectfully request the opportunity to finally present the extensive documentation of these constitutional violations.

As the following questions were asked of me in related cases, I put them forward here. The following responses to the Court's specific questions detail the legal and factual basis for this appeal while demonstrating why these systematic violations of federal law require immediate review. THE MANIFEST INJUSTICE AND IRREPRABLE HARM THAT HAS BEEN CAUSED TO ME AND MY CHILDREN AND CONTINUES TO BE CAUSED CAN'T BE OVERSTATED.

1. **Date(s) of entry of judgment or order(s) you are challenging in this appeal:**

   November 26, 2024 (Order Dismissing Notice of Removal Without Prejudice in Case No. 3:24-cv-02072-CAB-JLB)

   The order denied the removal notice on Rooker-Feldman grounds and denied application to proceed in forma pauperis.

2. **What claims did you raise to the court below?**

   In my notice of removal, I presented clear evidence of DCSS's systematic violations of Title IV-D federal requirements occurring after and independent from any state court judgment. These violations stem from DCSS's enforcement of orders that are void ab initio due to Commissioner Ratekin's improper denial of my February 8, 2021 peremptory challenge. Despite over twelve documented requests for federally mandated review and modification, DCSS has consistently ignored its federal obligations while exploiting these void orders through cross-jurisdictional coordination.

   A. Systematic Title IV-D Violations by DCSS:

   - Over twelve documented modification requests ignored in violation of 45 CFR § 303.8(b)(2)

   - Denial of federally mandated hearings under 45 CFR § 303.35

- Pattern of providing false jurisdictional information

- Systematic non-compliance with federal requirements

B. Independent Constitutional Claims:

- DCSS enforcement of orders void ab initio under People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993)

- Due process violations arising from DCSS actions after divorce judgment

- ADA violations during documented medical crisis

- Systematic denial of federally protected rights

C. Federal Removal Authority:

- Burns v. Burns, 569 F. Supp. 2d 288 (W.D.N.Y. 2008) supports federal jurisdiction over systematic Title IV-D violations

- Independent federal questions separate from state court judgments

- Pattern of coordinated constitutional violations requiring federal oversight

- Violations occurring after and apart from divorce proceedings

D. Agency Misconduct:

- DCSS's knowing enforcement of void orders

- False statements about jurisdictional requirements

- Coordinated obstruction of federal rights

- Systematic prevention of evidence presentation

### 3. What do you think the court below did wrong?

The district court made several critical errors that warrant reversal. Most fundamentally, the court misapplied the Rooker-Feldman doctrine to claims that are clearly independent of state court judgments. Despite the Supreme Court's dramatic confinement of Rooker-Feldman in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), and the Ninth Circuit's recognition in Wallace v. Spencer that federal courts retain jurisdiction over independent constitutional violations, the court erroneously dismissed claims arising from DCSS's own systematic violations of federal law. This error is particularly striking given the court's own acknowledgment that claims against DCSS arising after the divorce judgment may proceed separately - yet the court dismissed precisely such claims while using procedural barriers to prevent examination of extensive evidence documenting these violations.

The district court fundamentally misapplied the Rooker-Feldman doctrine by failing to recognize that my claims against DCSS present independent federal questions that arose after and separate from any state court judgment. The court's own order acknowledges that claims against DCSS arising after the divorce judgment may be brought as separate actions, yet paradoxically dismissed precisely such claims.

A. Misapplication of Rooker-Feldman:

- Failed to follow Wallace v. Spencer, No. 20-15950 (9th Cir. 2021) holding that federal courts retain jurisdiction over constitutional violations independent from state court judgments

- Ignored Burns v. Burns precedent supporting federal jurisdiction over systematic Title IV-D violations

- Incorrectly characterized DCSS enforcement actions as mere challenges to state court orders

- Overlooked evidence of systematic federal law violations occurring after divorce judgment

B. Failure to Recognize Void Orders:

- Disregarded that Commissioner Ratekin's improper denial of February 8, 2021 peremptory challenge renders subsequent orders void ab initio under People v. Superior Court (Lavi)

- Ignored that DCSS's enforcement of void orders creates independent constitutional violations

- Failed to address systematic pattern of exploiting void orders across jurisdictions

- Overlooked evidence of coordinated misconduct affecting federal rights

C. Improper IFP Analysis:

- Applied overly stringent standard for IFP status

- Failed to consider documented financial hardship

- Used procedural barrier to prevent review of constitutional claims

- Ignored pattern of systematic financial exploitation through void orders

D. Due Process Violations:

- Denied opportunity to present extensive evidence of federal violations

- Failed to recognize pattern of systematic rights deprivations

- Ignored documented ADA violations during medical crisis

- Overlooked four years without evidentiary hearing in any venue

**4. Why are these errors serious enough that this appeal should go forward?**

These errors represent far more than technical legal missteps - they threaten the very foundation of federal oversight of state agencies and the constitutional protections it ensures. DCSS's systematic violations of Title IV-D requirements, documented through extensive communications and recordings, affect thousands of California families yet remain shielded from review through improper application of jurisdictional doctrines. District Attorney Investigator Luis Pena's recorded admission that my criminal prosecution stemmed from "pissing off" court insiders exemplifies the retaliatory pattern now extending through DCSS's deliberate non-compliance with federal law. After four years without a single evidentiary hearing in any venue, the district court's dismissal effectively sanctions this coordinated misconduct while creating dangerous precedent that would allow state agencies to systematically violate federal law with impunity.

The district court's errors have profound constitutional implications that transcend this individual case. By improperly dismissing independent federal claims against DCSS, the court has effectively sanctioned an agency's systematic violations of federal law while creating dangerous precedent that would shield state actors from accountability for coordinated misconduct. The evidence of DCSS's violations - from audio recordings to documented communications - demonstrates a pattern of constitutional deprivations that demands federal intervention.

A. Constitutional Magnitude:

- Systematic violations of Title IV-D federal requirements affecting thousands of families

- Pattern of enforcing void orders across multiple jurisdictions

- Coordinated denial of federally protected rights

- Documented retaliation through agency misconduct

B. Irreparable Harm:

- Ongoing enforcement of orders void ab initio

- Systematic denial of federally mandated hearings and review

- Compounding financial consequences through void orders

- Continued constitutional rights violations absent federal intervention

C. Public Interest:

- Need to maintain integrity of federal Title IV-D program

- Protection against systematic agency misconduct

- Prevention of coordinated constitutional violations

- Accountability for state actors violating federal law

D. Precedential Impact:

- Dangerous expansion of Rooker-Feldman doctrine

- Shield for systematic agency violations

- Erosion of federal court oversight

- Pattern of using procedural barriers to prevent evidence review

**5. Additional Information:**

The district court's November 26, 2024 dismissal rested on two grounds while ignoring the main fact that the orders that make up the DCSS order are void regardless: applying Rooker-Feldman to bar jurisdiction and denying IFP status. Both grounds collapse under minimal scrutiny:

First, the court's own order acknowledges that claims against DCSS arising after the divorce judgment may proceed separately - yet dismisses precisely such claims. As established in Wallace v. Spencer, No. 20-15950 (9th Cir. 2021), federal courts retain jurisdiction over constitutional violations independent of state court judgments. DCSS's systematic violations of Title IV-D requirements, occurring

after and separate from state proceedings, present exactly such independent federal questions.

Second, the court's questioning of IFP status represents another procedural barrier attempting to prevent examination of extensively documented constitutional violations. I have maintained approved IFP status in related federal proceedings for nearly three years based on readily verifiable financial documentation. The pattern of using procedural technicalities to prevent evidence from reaching a jury cannot be ignored.

The systematic nature of these violations is evidenced by:

- Coordinated actions across multiple jurisdictions

- Denial of ADA accommodations during documented medical crisis

- Pattern of financial exploitation through void order enforcement

- Consistent denial of federally mandated reviews

These are not isolated incidents but represent a coordinated pattern of federal violations that demands immediate review.

A. District Court's Fatal Contradictions:

- Acknowledged post-judgment DCSS claims may proceed, then dismissed them

- Used procedural barriers to avoid constitutional questions

- Ignored direct evidence of systematic federal violations

- Failed to follow controlling Ninth Circuit precedent


B. New Evidence Further Supporting Appeal:

- Additional documentation of DCSS violations discovered

- Further proof of coordinated misconduct uncovered

- Ongoing pattern of rights deprivations continuing

- Related cases demonstrating systematic nature

The simple reality is that DCSS's actions constitute discrete federal violations warranting immediate review under Burns v. Burns precedent. The attempt to characterize enforcement of void orders as mere child support matters ignores both the law and the extensively documented pattern of constitutional violations requiring federal intervention.

Dated: December 17, 2024

Respectfully submitted,

_____

Robert Emert

2351 Vista Lago Terrace

Escondido, CA 92029

760-612-9328

robemert@msn.com

Appellant in Pro Se

**PROOF OF SERVICE**

I, Rob Emert, declare:

I am over the age of 18 years and not a party to this action. My address is 2351 Vista Lago Terrace, Escondido, CA 92029.

On December 17, 2024, I served the foregoing NOTICE OF APPEAL by electronic mail on the following parties:

Dave Schulman

dschulman@msmfamilylaw.com

Sara Bear

sbear@msmfamilylaw.com

Erik Welton

California Department of Child Support Services

erik.welton@sdcounty.ca.gov

Office of the Inspector General (OIG) within HHS

HHSTips@oig.hhs.gov

Office of Child Support Enforcement

OCSE.Complaints@acf.hhs.gov

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on December 17, 2024, at Escondido, California.

_____

Robert Emert