ROBERT ANTHONY EMERT (Pro Se)
2351 Vista Lago Terrace
Escondido, CA 92029
Telephone: (760) 612-9328
Email: robemert@msn.com

*Plaintiff Pro Se*



FILED

NOV 2 6 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY EMERT, | **Case No. 3:24-cv-02072-CAB-JLB** |
| *Plaintiff,* | **NOTICE OF SUPPLEMENTAL FILING IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT** |
| v. | |
| CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES, et al., | [Proposed First Amended Complaint Attached as Exhibit A] |
| *Defendants.* | Judge: Hon. Cathy Ann Bencivengo |

## NOTICE OF SUPPLEMENTAL FILING

### TO THE COURT AND ALL PARTIES:

Plaintiff Robert Anthony Emert respectfully submits this Notice of Supplemental Filing in support of his Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(b)(6), filed on November 25, 2025.

## PURPOSE OF THIS SUPPLEMENT

To enable the Court to evaluate the **non-futility** of granting leave to amend under *Foman v. Davis*, 371 U.S. 178 *(1962)*, and *Miroth v. County of Trinity*, 136 F.4th 1141 (9th Cir. 2025), Plaintiff now submits his [Proposed] First Amended Complaint as **Exhibit A** to this Notice. This proposed pleading asserts independent claims for **money damages** against adverse parties Schulman, Bear, and Schuck for their **extrinsic fraud** and related torts— precisely the type of action *Miroth* holds is within federal jurisdiction.

## INCORPORATION OF EVIDENTIARY EXHIBITS

Plaintiff incorporates by reference Exhibits A through P filed in support of Plaintiff's Motion for Relief from Judgment filed 11/25/25, which provide the documentary evidence supporting the factual allegations in the proposed First Amended Complaint. These exhibits demonstrate **pre-judgment misconduct by adverse parties**, including:

- **Exhibit A:** Default Judgment ($8,010/month fraudulent imputation)
- **Exhibit B:** Medical Records (September 2021 STEMI heart attack)
- **Exhibit E:** Schulman's February 24, 2021 Memo (admitting Plaintiff's unemployment)
- **Exhibit H:** Schulman's October 20, 2021 "no job" email
- **Exhibit P:** DA Investigator Pena transcript ("You pissed them off")

These exhibits constitute **extrinsic fraud** under *Miroth* because they show adverse parties' misconduct that *prevented Plaintiff from presenting his case. Miroth,* 136 F.4th at 1151 n.5.

## THE PROPOSED COMPLAINT TRACKS MIROTH

The [Proposed] First Amended Complaint is specifically drafted to comply with *Miroth*'s jurisdictional requirements:

**1. Adverse Party Misconduct, Not State Court Error:** The Complaint alleges fraud, abuse of process, and civil rights violations by *adverse parties* Schulman, Bear, and Schuck—not legal error by the state court. *Miroth,* 136 F.4th at 1150 ("If a federal plaintiff asserts

as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction.").

**2. Money Damages, Not Reversal:** The Complaint seeks money damages and injunctive relief against DCSS. It expressly does **NOT** seek reversal of the state court judgment, reinstatement of parental rights, or a declaration that the state judgment is void. *Id.* at 1145.

**3. Legal Wrongs Preceding State Court Order:** The alleged fraud—knowingly submitting false income data, concealing mandatory calculations, and systematically excluding Plaintiff from trial—all **preceded** or accompanied the January 24, 2022 judgment. *Id.* at 1145.

**4. Extrinsic Fraud Affirmatively Alleged:** Unlike the *Miroth* plaintiffs who disclaimed extrinsic fraud, Plaintiff **affirmatively alleges extrinsic fraud** through seven documented attempts to participate that were ignored or denied—*preventing Plaintiff from presenting his case.* This makes Plaintiff's claims an even stronger candidate for federal jurisdiction. *Id.* at 1151 n.5 (noting extrinsic fraud claims strengthen federal jurisdiction).

## CAUSES OF ACTION ASSERTED

The proposed First Amended Complaint asserts six causes of action **focused solely on adverse parties' misconduct:**

1. Fraud / Intentional Misrepresentation (against Schulman, Bear, Schuck)

2. Abuse of Process (against Schulman, Bear, Schuck)

3. Deprivation of Civil Rights under 42 U.S.C. § 1983 (against all Defendants)

4. Conspiracy to Deprive Civil Rights (against Schulman, Bear, Schuck)

5. Intentional Infliction of Emotional Distress (against Schulman, Bear, Schuck)

6. Injunctive Relief (against DCSS)

## CONCLUSION

This supplemental filing demonstrates that Plaintiff's proposed Amended Complaint would not be futile under *Foman v. Davis*, 371 U.S. 178 (1962). The claims are precisely the type *Miroth* holds are within federal court jurisdiction: **damages for extrinsic fraud by adverse parties.** Plaintiff respectfully requests that the Court consider the attached [Proposed] First Amended Complaint in evaluating Plaintiff's Motion for Relief from Judgment.

DATED: 11/26/25

Respectfully submitted,

*Rob Emert*

ROBERT ANTHONY EMERT
*Plaintiff, Pro Se*
2351 Vista Lago Terrace
Escondido, CA 92029
Tel: (760) 612-9328
Email: robemert@msn.com

NOTICE OF SUPPLEMENTAL FILING WITH PROPOSED FIRST AMENDED COMPLAINT

**Exhibit A:** [Proposed] First Amended Complaint

ROBERT ANTHONY EMERT (Pro Se)

2351 Vista Lago Terrace

Escondido, CA 92029

Telephone: (760) 612-9328

Email: robemert@msn.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY EMERT, | Case No. 3:24-cv-02072-CAB-JLB |
| *Plaintiff,* | [PROPOSED] FIRST AMENDED COMPLAINT FOR: |
| v. | 1. FRAUD / INTENTIONAL MISREPRESENTATION |
| DAVID S. SCHULMAN, an individual; | 2. ABUSE OF PROCESS |
| SARA BEAR, an individual; | 3. CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983) |
| ANDREA SCHUCK, an individual; CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES; and DOES 1-50, | 4. CONSPIRACY |
| | 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| | 6. INJUNCTIVE RELIEF |
| *Defendants.* | **DEMAND FOR JURY TRIAL** |
| | Judge: Hon. Cathy Ann Bencivengo |

## PRELIMINARY STATEMENT & JURISDICTIONAL BASIS

*(Compliance with Miroth v. County of Trinity)*

This action is brought pursuant to the intervening authority of *Miroth v. County of Trinity*, 136 F.4th 1141 (9th Cir. 2025).

Plaintiff **EXPRESSLY DISCLAIMS** any request to reverse, vacate, or set aside the state court judgment issued in San Diego Superior Court Case No. 19FL010852N.

Instead, Plaintiff seeks **MONEY DAMAGES** for independent legal wrongs—specifically *extrinsic fraud*, civil rights violations, and conspiracy—committed by **adverse parties** (David S. Schulman, Sara Bear, Andrea Schuck) that **preceded** and procured the state court judgment through illegal acts. *Miroth*, 136 F.4th at 1145.

Under *Miroth*: "If a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction." *Id.* at 1150.

Unlike the *Miroth* plaintiffs who disclaimed extrinsic fraud, Plaintiff here **AFFIRMATIVELY ALLEGES** extrinsic fraud through seven documented attempts to participate that were all ignored or denied—preventing Plaintiff from presenting his case. This makes Plaintiff's claims an *even stronger* candidate for federal jurisdiction. *See Miroth*, 136 F.4th at 1151 n.5 (noting extrinsic fraud claims would strengthen federal jurisdiction).

## I. JURISDICTION AND VENUE

1. **Federal Question Jurisdiction.** This Court has subject matter jurisdiction under 28 U.S.C. § 1331 over Plaintiff's claims under 42 U.S.C. § 1983 for deprivation of constitutional rights.

2. **Supplemental Jurisdiction.** This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims (Fraud, Abuse of Process, Intentional Infliction of Emotional Distress, Conspiracy) because they form part of the same case or controversy.

3. **Rooker-Feldman Does Not Apply.** Under *Miroth v. County of Trinity*, 136 F.4th 1141 (9th Cir. 2025), Rooker-Feldman does not bar this action because:

(a) Plaintiff asserts as the legal wrong allegedly illegal acts by **adverse parties**—not error by the state court. *Id.* at 1150.

(b) Plaintiff seeks **money damages**—not reversal of the state judgment. *Id.* at 1145.

(c) The alleged legal wrongs **preceded** the state court order. *Id.* at 1145.

(d) Plaintiff affirmatively alleges **extrinsic fraud**—acts that prevented Plaintiff from presenting his case—which *strengthens* federal jurisdiction. *Id.* at 1151 n.5.

4. **Domestic Relations Exception Does Not Apply.** Plaintiff does not ask this Court to issue a divorce decree, determine child custody, or calculate child support. Plaintiff seeks money damages for fraud and civil rights violations committed by adverse parties. *Ankenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992).

5. **Venue.** Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in San Diego County, California, and all individual Defendants reside in this district.

## II. PARTIES

6. Plaintiff ROBERT ANTHONY EMERT is an individual residing in Escondido, San Diego County, California.

7. Defendant DAVID S. SCHULMAN is a California-licensed attorney who represented Andrea Schuck in the underlying family court proceedings. Schulman is sued in his individual capacity for independent torts and conspiracy to violate civil rights—not for errors in professional judgment.

8. Defendant SARA BEAR is a California-licensed attorney who served as co-counsel with Schulman for Andrea Schuck in the underlying family court proceedings. Bear is sued in her individual capacity for independent torts and conspiracy.

9. Defendant ANDREA SCHUCK is an individual residing in Carlsbad, San Diego County, California. Schuck was the adverse party in the underlying family court proceedings, Plaintiff's former spouse, and is sued for independent torts and conspiracy.

10. Defendant CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES ("DCSS") is a state agency acting under color of state law. DCSS is sued for injunctive relief to halt enforcement of the fraudulently-obtained support order and for civil rights violations in systematically refusing to review Plaintiff's case despite mandatory federal regulations.

11. Defendants DOES 1-50 are individuals and entities whose identities are presently unknown but who participated in the fraud and conspiracy alleged herein.

## III. FACTUAL ALLEGATIONS

### A. THE SETUP FOR FRAUD: Defendants' Actual Knowledge of Plaintiff's Unemployment

12. Prior to the events of this case, Plaintiff had been a stay-at-home father for nearly a decade, caring for the parties' autistic son. Plaintiff held no active professional licenses and had no income.

13. Defendants Schulman, Bear, and Schuck had actual, documented knowledge of Plaintiff's unemployment and lack of licensure.

14. **February 24, 2021—Schulman's Written Admission:** Defendant Schulman filed a Memorandum with the San Diego Superior Court explicitly admitting: "Respondent's real estate license lapsed... Respondent's contractor's license lapsed... Respondent has not worked since..." (*See* Exhibit E, p. 96, filed with Motion for Relief, filed 11/25/25.

15. **October 20, 2021—Schulman's "No Job" Email:** Just 40 days before the trial where he would argue Plaintiff earned a high income, Defendant Schulman sent an email to Plaintiff stating: "Mr. Emert, I find it Ironic that you of all people are telling someone to do their job when **you do not even have one.**" (*See* Exhibit H, p. 160.)

16. These documents prove—in Defendants' own words—that they knew, beyond doubt, that Plaintiff had zero income and no active licenses.

### B. THE MEDICAL CRISIS: Plaintiff's Near-Fatal Heart Attack

17. On September 29, 2021, Plaintiff suffered a near-fatal STEMI (ST-Elevation Myocardial Infarction) heart attack—a "widowmaker" with 100% blockage of the LAD artery—requiring emergency hospitalization. (*See* Exhibit B, Medical Records, p. 25.)

18. On September 30, 2021—while still in the emergency room—Plaintiff notified Defendants Schulman and Bear of this life-threatening emergency via email, attaching photographic proof. (*See* Exhibit C, ER Email, p. 31.)

19. Schulman and Bear thus had actual notice of Plaintiff's life-threatening medical condition **more than 60 days before** the November 29, 2021 trial.

20. **October 4, 2021—Court's Acknowledgment:** Plaintiff appeared by phone at a hearing before Judge Lorna Alksne. The court's Minute Order states:

"Father appeared on the phone and represented he had a heart attack and was in the hospital... **This is not a change of custody but merely a continuance to give father the ability to present his case."** (*See* Exhibit N, Minute Order, p. 255.)

## C. THE EXTRINSIC FRAUD: Systematic Exclusion of Plaintiff From Trial

21. Despite the court's stated intention to give Plaintiff "the ability to present his case," Defendants moved to exploit Plaintiff's incapacity to secure a fraudulent judgment. Between September 30 and November 29, 2021, Plaintiff made **seven (7) documented attempts** to obtain accommodations or a continuance so he could participate in trial and rebut Defendants' false claims. **Every attempt was ignored or denied:**

**(1) September 30, 2021:** ER email to all parties notifying of near-fatal STEMI heart attack. (Exhibit C, p. 31.) — **IGNORED**

**(2) November 10, 2021 (19 days before trial):** Formal ADA Accommodation Request filed with cardiologist's recommendation for remote participation. (Exhibit I, p. 162.) — **IGNORED**

**(3) November 15, 2021 (14 days before trial):** Doctor's note emailed to all parties. (Exhibit J, p. 224.) — **IGNORED**

**(4) November 22, 2021 (7 days before trial):** Trial continuance request under California Rule of Court 3.1332, citing "cardiac issues from recent heart attack." (Exhibit K, p. 229.) — **IGNORED**

**(5) November 23, 2021 (6 days before trial):** While Plaintiff was incapacitated, Defendant Schulman filed a **Motion in Limine to EXCLUDE Plaintiff's evidence**—knowing Plaintiff was too ill to appear and defend against it. (Exhibit O, p. 257.)

**(6) November 24, 2021 (5 days before trial):** Formal Ex Parte application for continuance under CRC 3.1332. (Exhibit L, p. 230.) — **DENIED on morning of trial**

**(7) November 29, 2021 (morning of trial):** Desperate email to clerk at 9:23 AM: "Am I being admitted to my ex parte hearing today at 9:30AM? I have many waiting to be admitted." (Exhibit M, p. 242.) — **NO RESPONSE; trial proceeded without Plaintiff**

22. Plaintiff, his witnesses, his evidence, and his ADA coordinators were all denied access to the November 29, 2021 trial. This constitutes **extrinsic fraud** because Plaintiff was physically and procedurally prevented from participating and rebutting Defendants' false claims. *See Kougasian v. TMSL, Inc.*, 359 F.3d

1136, 1140 (9th Cir. 2004) (defining extrinsic fraud as fraud that deprives a party of the opportunity to present the case).

## D. THE EXECUTION OF THE FRAUD: The "Illegal Act"

23. With Plaintiff excluded from the courtroom, Defendants Schulman and Bear perpetrated a fraud upon the tribunal.

24. Despite their own written admissions in Exhibit E (February 2021) and Exhibit H (October 2021) that Plaintiff had "no job" and "lapsed licenses," Defendants submitted evidence and argument to the Court claiming Plaintiff had the ability to earn a high salary.

25. Based on these intentional misrepresentations, Defendants obtained a default judgment imputing income of **$8,010 per month** to Plaintiff—a figure derived from a career Plaintiff had not held in a decade and for which he was no longer licensed. (*See* Exhibit A, Default Judgment, p. 15.)

26. Plaintiff never had an opportunity to rebut Schulman's false income representations because Plaintiff was not present and could not participate. This is textbook extrinsic fraud.

## E. THE COVER-UP: Concealment of the DissoMaster Calculation

27. On February 9, 2022, Schulman's office served the judgment on Plaintiff via email. The proof of electronic service reveals that the **DissoMaster calculation was deliberately omitted** from the documents served. (*See* Exhibit F, Proof of Service, p. 139.)

28. The DissoMaster is the mandatory California software tool for calculating child support, which would have revealed Plaintiff's actual income as $0 and exposed the fraudulent $8,010 imputation.

29. This omission violated California Family Code § 4056(a), which requires service of the DissoMaster calculation with the judgment. This concealment is evidence of consciousness of guilt—Defendants knew the DissoMaster would expose the fraud, so they omitted it.

## F. THE SMOKING GUN: Independent Law Enforcement Corroboration

30. This was not standard litigation; it was a coordinated conspiracy to use the legal system as a weapon.

31. On April 13, 2023, Deputy District Attorney Investigator Luis Pena made devastating admissions in a recorded conversation:

(a) Minor's counsel **"lined up with your ex-wife"** and Schulman/Bear instead of advocating independently. (Exhibit P, Transcript at p. 45.)

**(b)** They were **"trying to put something together"** against Plaintiff. (Exhibit P at p. 45.)

**(c)** When asked what Plaintiff did to lose his parental rights: **"You pissed them off."** (Exhibit P at pp. 92-93.)

**(d) "The DA's office should never have accepted your case."** (Exhibit P at p. 154.)

**(e)** Family court attorneys "keep pushing our attorneys" (the DA's office) to file criminal charges. (Exhibit P at p. 168.)

32. This independent law enforcement corroboration proves the fraud was **deliberate, coordinated, and retaliatory**—not mistake.

### *G. DCSS's ONGOING ENFORCEMENT AND TITLE IV-D VIOLATIONS*

33. Since January 24, 2022, DCSS has enforced the fraudulent child support order.

34. Plaintiff has submitted over twelve (12) written requests to DCSS for administrative review under 45 CFR § 303.8(b)(2), providing: (a) Schulman's February 2021 memo admitting unemployment (Exhibit E); (b) Schulman's October 2021 "no job" email (Exhibit H); (c) medical records documenting the September 2021 heart attack (Exhibit B); and (d) evidence of Plaintiff's decade-long status as stay-at-home father. (*See* Exhibit D, DCSS Correspondence.)

35. DCSS has systematically ignored or denied every request, continuing to enforce child support based on income it knows—or should know—Plaintiff never earned and cannot earn, in violation of 45 CFR § 303.8.

## IV. CAUSES OF ACTION

## <u>FIRST CAUSE OF ACTION</u>

## FRAUD / INTENTIONAL MISREPRESENTATION

*(Against Defendants Schulman, Bear, and Schuck)*

36. Plaintiff incorporates by reference paragraphs 1-35 as if fully set forth herein.

37. Under California Civil Code § 1572, actual fraud includes the "suggestion, as a fact, of that which is not true, by one who does not believe it to be true." Defendants made representations to the state court regarding Plaintiff's earning capacity and employment status that were factually false—specifically, that Plaintiff could earn $8,010 per month.

38. Defendants knew these representations were false at the time they made them, as evidenced by Defendant Schulman's own February 2021 Memorandum (Exhibit E) and October 2021 Email (Exhibit H).

39. Defendants intended to induce the court's reliance on these false statements to secure a financial judgment against Plaintiff.

40. The fraud was extrinsic because Defendants actively opposed Plaintiff's requests for a continuance during a documented medical emergency (Exhibits B, C, K, L), thereby successfully preventing Plaintiff from appearing to expose their lies.

41. As a direct and proximate result, Plaintiff has suffered significant monetary damages including erroneous support arrears, wage garnishment, damage to credit, and ongoing financial harm.

## SECOND CAUSE OF ACTION

## ABUSE OF PROCESS

*(Against Defendants Schulman, Bear, and Schuck)*

42. Plaintiff incorporates by reference paragraphs 1-41 as if fully set forth herein.

43. Defendants misused the legal process (specifically, the default trial mechanism and income imputation rules) for an ulterior motive: to destroy Plaintiff financially and "put something together" against him as retaliation (Exhibit P).

44. Defendants committed willful acts in the use of process not proper in the regular conduct of proceedings, including: (a) proceeding with a trial regarding income imputation while possessing written proof the income did not exist; (b) filing a motion to exclude Plaintiff's evidence while knowing Plaintiff was medically incapacitated; (c) opposing all accommodation requests; and (d) concealing the DissoMaster calculation.

45. As a direct and proximate result of Defendants' abuse of process, Plaintiff has suffered damages as set forth above.

## THIRD CAUSE OF ACTION

## DEPRIVATION OF CIVIL RIGHTS — 42 U.S.C. § 1983

*(Against DCSS and All Individual Defendants)*

46. Plaintiff incorporates by reference paragraphs 1-45 as if fully set forth herein.

47. Defendant DCSS, acting under color of state law, deprived Plaintiff of his property without due process by systematically refusing to review his case despite mandatory federal regulations (45 CFR § 303.8) and clear evidence of fraud.

48. Individual Defendants Schulman, Bear, and Schuck—although private parties—are liable under 42 U.S.C. § 1983 because they acted **in concert with state actors** to deprive Plaintiff of his constitutional rights. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (holding that private parties who conspire with state officials to deprive constitutional rights are liable under § 1983). This "meeting of the minds" is evidenced by the DA Investigator's admission that they "lined up" to "put something together" against Plaintiff (Exhibit P).

49. The conduct was retaliatory ("You pissed them off"), punishing Plaintiff for exercising his First Amendment rights to petition for redress and access the courts.

50. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages as set forth above.

## FOURTH CAUSE OF ACTION

## CONSPIRACY TO DEPRIVE CIVIL RIGHTS

*(Against Defendants Schulman, Bear, and Schuck)*

51. Plaintiff incorporates by reference paragraphs 1-50 as if fully set forth herein.

52. Defendants Schulman, Bear, and Schuck formed a conspiracy to deprive Plaintiff of his property and civil rights through fraud, abuse of process, and coordinated misconduct. Under *Dennis v. Sparks*, 449 U.S. 24 (1980), private parties who conspire to deprive constitutional rights are jointly liable.

53. The existence of this conspiracy is evidenced by: (a) the coordinated submission of false income evidence; (b) the joint opposition to all accommodation requests; (c) the concealment of the DissoMaster calculation; and (d) the admissions by DA Investigator Pena that they "lined up" and were "trying to put something together" against Plaintiff (Exhibit P).

54. In furtherance of this conspiracy, Defendants took overt acts including those described herein.

55. As a direct and proximate result of Defendants' conspiracy, Plaintiff has suffered damages as set forth above.

## FIFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*(Against Defendants Schulman, Bear, and Schuck)*

56. Plaintiff incorporates by reference paragraphs 1-55 as if fully set forth herein.

57. Defendants' conduct was extreme and outrageous. Defendants knowingly submitted false income evidence to a court while Plaintiff was recovering from a near-fatal heart attack, deliberately opposed all requests for medical accommodations, proceeded to default trial knowing Plaintiff was medically incapacitated, and then concealed the fraudulent calculation from him.

58. Defendants intended to cause Plaintiff severe emotional distress, or acted with reckless disregard for the probability of causing such distress. This intent is evidenced by the retaliatory motive: "You pissed them off" (Exhibit P).

59. Plaintiff suffered severe emotional distress as a direct result of Defendants' conduct, including but not limited to: exacerbation of his cardiac condition from ongoing stress of enforcement; anxiety and depression from separation from his children; and ongoing trauma from retaliatory prosecution.

60. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff has suffered damages as set forth above.

## SIXTH CAUSE OF ACTION

## INJUNCTIVE RELIEF

*(Against Defendant DCSS)*

61. Plaintiff incorporates by reference paragraphs 1-60 as if fully set forth herein.

62. DCSS continues to enforce a child support order based on fraudulent income calculations despite having received documentary evidence of the fraud, including Schulman's own admissions that Plaintiff was unemployed.

63. DCSS has ignored at least twelve written requests for administrative review in violation of 45 CFR § 303.8(b)(2).

64. Plaintiff will suffer irreparable harm absent injunctive relief, including continued wage garnishment, damage to credit, and potential incarceration for non-payment of fraudulently-calculated support.

65. Plaintiff has no adequate remedy at law because money damages alone cannot remedy ongoing enforcement of a fraudulent order.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Robert Anthony Emert prays for judgment against Defendants as follows:

**1. Compensatory Damages:** For all financial losses suffered due to Defendants' fraud, including but not limited to the amount of support arrears illegally assessed, costs incurred, and harm to Plaintiff's financial standing;

**2. Punitive Damages:** Against Defendants Schulman, Bear, and Schuck, due to the malicious, fraudulent, and retaliatory nature of their conduct ("You pissed them off"), in an amount sufficient to punish and deter;

**3. Statutory Damages:** For violations of civil rights under 42 U.S.C. § 1983;

**4. Preliminary and Permanent Injunctive Relief:** Enjoining DCSS from enforcing the child support order based on the fraudulent $8,010/month income imputation pending adjudication of Plaintiff's claims;

**5. Declaratory Relief:** Declaring that Defendants committed extrinsic fraud that prevented Plaintiff from presenting his case;

**6. Attorneys' Fees and Costs:** Pursuant to 42 U.S.C. § 1988 and other applicable law; and

**7. Such Other Relief:** As the Court deems just and proper.

## WHAT PLAINTIFF DOES NOT SEEK

Consistent with *Miroth v. County of Trinity*, 136 F.4th 1141 (9th Cir. 2025), Plaintiff **EXPRESSLY DISCLAIMS** any relief seeking to: (a) vacate, reverse, or set aside the state court judgment; (b) reinstate custody or parental rights; (c) declare the state judgment "void" or "voidable"; or (d) any order setting aside the state court order. Plaintiff seeks only money damages for independent torts by adverse parties and injunctive relief against DCSS enforcement.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: 11/26/25

Respectfully submitted,

*Rob Emert*

_____

ROBERT ANTHONY EMERT

*Plaintiff, Pro Se*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| ROBERT ANTHONY EMERT, | Case No. 3:24-cv-02072-CAB-JLB |
|---|---|
| *Plaintiff,* | PROOF OF SERVICE |
| v. | Judge: Hon. Cathy Ann Bencivengo |
| CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES, et al., | |
| *Defendants.* | |

**PROOF OF SERVICE**

I, Robert Emert, declare that on November 27, 2025, I served the following documents:

1. **NOTICE OF SUPPLEMENTAL FILING IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

2. **[PROPOSED] FIRST AMENDED COMPLAINT** (Exhibit A to Notice of Supplemental Filing)

by electronic mail on the following parties:

**California Department of Child Support Services**

c/o California Attorney General's Office

600 West Broadway, Suite 1800

San Diego, CA 92101

Email: docketingsdawt@doj.ca.gov; sdag.docketing@doj.ca.gov

☒ By Electronic Mail

**David S. Schulman, Esq.**

Email: dschulman@msmfamilylaw.com

☒ By Electronic Mail

**Sara Bear, Esq.**

Email: sbear@msmfamilylaw.com

☒ By Electronic Mail

**Andrea Schuck**

c/o Counsel David S. Schulman and Sara Bear

Email: dschulman@msmfamilylaw.com; sbear@msmfamilylaw.com

☒ By Electronic Mail

**Jeff Grissom, Director, San Diego County DCSS**

Email: jeff.grissom@sdcounty.ca.gov

☒ By Electronic Mail

**Erik Welton, San Diego County DCSS**

Email: erik.welton@sdcounty.ca.gov

☒ By Electronic Mail

**DCSS State Hearings**

Email: statehearings@dcss.ca.gov

☒ By Electronic Mail

**Williams Iagmin LLP**

Email: williams@williamsiagmin.com

☒ By Electronic Mail

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 27, 2025, at Escondido, California.

/s/ Robert Emert

*Rob Emert*

---

ROBERT EMERT

NOTICE OF SUPPLEMENTAL FILING WITH PROPOSED FIRST AMENDED COMPLAINT