UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT,<br><br>                                    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF<br>CHILD SUPPORT SERVICES, and<br>DOES 1–50,<br><br>                                    Defendants. | Case No.: 3:24-cv-2072-CAB-JLB<br><br>**ORDER:**<br><br>**(1) DENYING APPLICATION TO PROCEED IFP;**<br><br>**(2) DISMISSING COMPLAINT**<br><br><br>[Doc. Nos. 12, 14] |

For the reasons outlined below, Plaintiff's Motion for IFP is **DENIED** and his Motion for Relief is **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

On November 4, 2024, Plaintiff Robert Emert ("Plaintiff"), proceeding pro se, filed a "notice of removal" of his divorce judgment from the Superior Court of California, [Doc. No. 1 ("Complaint" or "Compl.")][1], along with a motion to proceed *in forma pauperis*

---

[1] Although captioned as a "notice of removal," Plaintiff effectively filed a new complaint seeking federal court review of a state court child support order.

1

("IFP") pursuant to 28 U.S.C. § 1915(a), [Doc. No. 2]. The Complaint named California Department of Child Support Services and DOES 1–50 as Defendants and brought allegations of Title IV-D violations by the Department of Child Support Services ("DCSS"), fraud committed by both the state court and his ex-wife's lawyers, and civil rights violations by the state court. [Compl. at 5–7.]

Plaintiff requested relief from the alleged wrongdoing through a myriad of avenues: a finding that the default judgment entered against him in his divorce was *void ab initio*; a stay on the enforcement of his state court-ordered support obligations; investigation into the state court proceedings of his divorce; a review of the state court's income calculations in relation to the support order; a finding that the actions of the state court and DCSS violated federal law; and federal oversight to prevent state courts from perpetuating Title IV-D violations, civil rights violations, procedural due process violations, and fraudulent income calculations, among other wrongs. [Compl. at 43–49.] The foregoing list is a non-exhaustive representation of Plaintiff's requests. The common thread of the allegations in the Complaint was a conspiracy between the state court, DCSS, Plaintiff's ex-wife, and her lawyers to inflate and enforce his support obligations based on outdated employment history. [Compl. at 3–5.] On November 26, 2024, the Court denied the IFP for lack of particularity and dismissed the claim for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. [Doc. No. 5.]

On December 17, 2024, Plaintiff filed an appeal with the Ninth Circuit asking for review of this Court's denial of the IFP and dismissal of the case. [Doc. No. 7.] On June 18, 2025, the Ninth Circuit denied Plaintiff's motion to proceed IFP and dismissed his appeal as frivolous pursuant to 28 U.S.C. § 1915(a), (e)(2). [Doc. No. 10.]

On November 25, 2025, Plaintiff returned to this Court and filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). [Doc. No. 12.] Plaintiff asks the Court to vacate the November 26, 2024 dismissal order, reopen the case, and grant him leave to file an amended complaint with new defendants and new claims. [*See* Doc. No. 12 at 6–7.] Plaintiff has also filed a new motion to proceed IFP. [Doc. No. 14.]

## II.    DISCUSSION

### A.    Rule 60

"Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992). Rule 60 identifies six permissible grounds for relief from a final judgment, order, or proceeding: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The language of Rule 60 makes it clear that it is inapplicable here.

Plaintiff has asked for relief from judgment on grounds that the Ninth Circuit's decision in *Miroth v. Cnty. of Trinity*, decided during the pendency of his appeal to the Ninth Circuit, changes the legal landscape in such a way that constitutes an extraordinary circumstance and thus justifies Rule 60(b)(6) relief. 136 F.4th 1141 (9th Cir. 2025); Doc. No. 12 at 21–22. The plaintiffs in *Miroth* alleged wrongdoing by defendant Trinity County which led to the termination of their parental rights; their first amended complaint asked the district court to reverse the state court's termination of their parental rights and order reunification. *Miroth*, 136 F.4th at 1145. The district court dismissed their first amended complaint under *Rooker-Feldman*, with leave to amend. *Id.* The second amended complaint dropped the request to reinstate their parental rights and sought only monetary damages under 42 U.S.C. § 1983 and state law. *Id.* The second amended complaint was also dismissed under *Rooker-Feldman* because although the Miroth's second amended complaint no longer asked to have their parental rights reinstated, they nonetheless asserted the alleged errors of the state court as their legal injury, thus "directly challenging the state court decisions." *Id.* at 1145–46. On appeal, the Ninth Circuit found that *Rooker-Feldman*

applies in very limited circumstances: only when a federal plaintiff (1) asserts as her injury legal error by the state court and (2) seeks as her remedy relief from the state court judgment. *Id*. at 1151. Because the *Miroth* plaintiffs' second amended complaint alleged only wrongdoing by Trinity County preceding the issuance of the state court's orders, *Rooker-Feldman* did not apply. *Id*. at 1151–52.

Emulating *Miroth*, Plaintiff's new theory eschews his original allegations in favor of claims of fraud by his ex-wife's legal team alone; the proposed relief is monetary damages from the legal team and injunctive relief from enforcement of his support obligations. [Doc. No. 12 at 25–33.] Plaintiff argues that *Miroth* should apply because he claims to only seek monetary damages for fraud committed on the state court, not a finding of state court error. *Id*. at 26–27. In reading *Miroth*, Plaintiff has seized upon the Ninth Circuit's characterization of the Miroth's second amended complaint as asserting an allegedly illegal act or omission by an adverse party. *Miroth*, 136 F. 4th at 1151; Doc. No. 12 at 30–31. What Plaintiff fails to appreciate is that his claims for relief still ask for an injunction against enforcement of his support obligations, which would constitute relief from the consequences of the state court judgment. Unlike *Miroth*, Plaintiff asks this Court to essentially reverse the state court orders, which is barred by *Rooker-Feldman*. *Miroth*, 136 F. 4th at 1155.

Moreover, the Court disagrees with Plaintiff's assertion that *Miroth* constitutes a substantial change in law which requires Rule 60 relief on two grounds. First, when the Ninth Circuit dismissed Plaintiff's appeal of this Court's decision as frivolous in June 2025, it had already decided *Miroth* in May 2025. [*See* Doc. No. 10.] Thus, the Ninth Circuit would have accepted Plaintiff's appeal if *Miroth* rendered this Court's dismissal improper. Second, applying *Miroth* here would not warrant the relief Plaintiff seeks because the Complaint did not name his ex-wife's attorneys as defendants. In other words, Plaintiff would need to substantially amend his Complaint to fit *Miroth* and bring claims against his ex-wife's attorneys. Rule 60(b) may not be used to assert new claims or bring new parties into the case. *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th

4

Cir. 2009) (finding "'[a] district court does not abuse its discretion when it disregards legal arguments made for the first time' on a motion to alter or amend a judgment.").

The Court therefore **DENIES** Plaintiff's motion for relief from judgment. [Doc. No. 12.]  The case has been dismissed, both by this Court and the Ninth Circuit, and Plaintiff may not resurrect it now with novel legal theories or previously unnamed defendants.  If Plaintiff wishes to bring new claims against new defendants pursuant to *Miroth*, he must file a new case.

### B.    Motion to Proceed IFP

Pursuant to the foregoing, the Court **DENIES AS MOOT** Petitioner's new motion to proceed IFP.  [Doc. No. 14.]

### II.    CONCLUSION

The Court **DENIES** the motion for relief from judgment with prejudice, [Doc. No. 12], and **DENIES AS MOOT** the motion to proceed IFP, [Doc. No. 14].  The Clerk of the Court shall close the case and no further filings shall be accepted.

**IT IS SO ORDERED**.

Dated:  April 2, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

5

3:24-cv-2072-CAB-JLB